**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

**No. 14-4389**

————————

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

WILLIAM HUMBERTO GRANADOS, a/k/a William Humberto Rios
Granados, a/k/a William Humberto Rios-Granados, a/k/a
William Humbeto Rios, a/k/a Williams Humberto Rios, a/k/a
William Rios Granados, a/k/a Marcial Rios Cruz, a/k/a Marcel
Rios Cruz,

               Defendant - Appellant.

————————

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  Catherine C. Eagles,
District Judge.  (1:13-cr-00455-CCE-1)

————————

Submitted:  November 18, 2014     Decided:  December 1, 2014

————————

Before AGEE and FLOYD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

————————

Affirmed by unpublished per curiam opinion.

————————

Louis C. Allen, Federal Public Defender, Mireille P. Clough,
Assistant Federal Public Defender, Winston-Salem, North
Carolina, for Appellant.  Ripley Rand, United States Attorney,
Lisa B. Boggs, Assistant United States Attorney, Greensboro,
North Carolina, for Appellee.

————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Humberto Granados appeals the within-Guidelines sentence imposed by the district court after he pled guilty to illegally reentering in the United States after being removed subsequent to a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a), (b)(2) (2012). On appeal, he contends his sentence is substantively unreasonable. We affirm.

We review a criminal sentence for reasonableness using "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 28, 41 (2007). Because Granados asserts no procedural error, we consider whether the sentence is substantively reasonable, "tak[ing] into account the totality of the circumstances" and giving due deference to the district court's decision. Id. We presume that a sentence "within or below a properly calculated Guidelines range is [substantively] reasonable." United States v. Louthian, 756 F.3d 295, 306 (4th Cir. 2014), cert. denied, No. 14-336, 2014 WL 4717386 (U.S. Oct. 20, 2014). Granados bears the burden to rebut this presumption "by showing that the sentence is unreasonable in light of the 18 U.S.C. § 3553(a) [(2012)] factors." Id.

Here, the district court reasonably determined that a sentence of seventy months, at the low end of the Guidelines range, was appropriate based on its thorough, individualized assessment of Granados' case in light of his arguments and the

§ 3553(a) factors. Based on a totality of the circumstances, we conclude that the district court did not abuse its discretion in imposing the chosen sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED